UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JULIO VILLASANA                )
    Petitioner,            )
                               )
v.                             )   No. 3:13-0596
                               )   Judge Sharp
HENRY STEWARD, Warden          )
    Respondent.            )

**O R D E R**

On September 9, 2013, the respondent filed an Answer (Docket Entry No. 12) to the Petition for Writ of Habeas Corpus (Docket Entry No. 1).

Since then, the Court has received the petitioner's Reply (Docket Entry No. 16) to the Answer, respondent's Motion to Strike (Docket Entry No. 18) the Reply, petitioner's Motion (Docket Entry No. 21) for an extension of time in which to respond to the Motion to Strike, petitioner's Motion (Docket Entry No. 22) for leave to late file his Response to the Motion to Strike, petitioner's Response (Docket Entry No. 23) to the Motion to Strike, petitioner's second Motion (Docket Entry No. 24) for the appointment of counsel, and petitioner's Motion to Amend (Docket Entry No. 25).

When the petitioner initiated the instant action, he filed a Motion (Docket Entry No. 2) for the appointment of counsel. The Court found that the petitioner's circumstances were not sufficiently exceptional to warrant an appointment of counsel. Thus, that motion was denied. *See* Docket Entry No. 15. The petitioner's second Motion (Docket Entry No. 24) for the appointment of counsel offers nothing significantly new that would suggest that an appointment of counsel is

needed to properly prosecute this action. Therefore, petitioner's pending Motion (Docket Entry No. 24) for the appointment of counsel is DENIED.

The petitioner has filed a Response (Docket Entry No. 23) to the Motion to Strike. As a result of this filing, the petitioner's Motion (Docket Entry No. 21) for an extension of time and Motion (Docket Entry No. 22) for leave to late file his Response have been rendered MOOT and are DENIED for that reason.

In the petition (Docket Entry No. 1), the petitioner's first claim alleges that the trial court "misapplied the enhancement factors regarding Petitioner's prior criminal activities". The petitioner claims that the trial court should not have given him the maximum sentence allowed because the defense was not properly provided with copies of the convictions that would be used for enhancement purposes and because the trial court did not give the mitigating factors sufficient weight.

The respondent has answered by asserting that the claim is not cognizable because it involves issues of state rather than federal law. Docket Entry No. 12 at pgs. 15-16. In his Reply (Docket Entry No. 16) to the Answer, the petitioner attempts to federalize his sentencing claim by introducing <u>Blakely</u> and double jeopardy components. The respondent sees the introduction of <u>Blakely</u> and double jeopardy as an unauthorized amendment of the petition and moves to Strike the Reply (Docket Entry No. 18) on that basis. The petitioner has filed a Response to the Motion to Strike and a Motion to Amend his Petition with the <u>Blakely</u> and double jeopardy claims.

<u>Blakely</u> and double jeopardy are never mentioned in the Petition. Consequently, the respondent correctly identifies them as new claims that the petitioner is attempting to raise. The petitioner has not yet been granted leave to amend his petition with these new claims. Therefore, to the extent that the respondent moves to strike these claims from petitioner's Reply, said Motion

(Docket Entry No. 18) is GRANTED.

This brings us to the petitioner's Motion to Amend. A district court should freely grant leave to amend "when justice so requires". Rule 15(a)(2), Fed. R.Civ.P. Leave to amend, however, may be denied when the proposed amendment would be futile. Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003).

The Blakely and double jeopardy claims are not mentioned in the Petition. They were not properly raised and exhausted in the state courts on direct appeal. *See* Docket Entry No. 8-6 at pgs. 3-22.[1] Nor does the petitioner allege ineffectiveness of counsel or any other ground sufficient to excuse a procedural default of those claims. As a consequence, it appears that these claims would not survive a motion to dismiss. For that reason, an amendment to include these claims would be futile. The Motion to Amend, therefore, is hereby DENIED.

It is so ORDERED.

Kevin H. Sharp
United States District Judge

---

[1] The petitioner raised the Blakely claim for the first time in an application seeking discretionary review from the Tennessee Supreme Court. Docket Entry No. 8-6 at pgs. 48-50. A habeas claim, however, has not been properly exhausted when it is raised for the first time in an application for discretionary review, Castille v. Peoples, 489 U.S. 346, 350 (1989).